IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Wade Stephney, Jr., | ) | Civil Action No: 8:08-411-MBS-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| John Ozmint, Michael Matthews, | ) | |
| and Sandra Knowlin, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On May 15, 2008, an order granting the defendants an extension of time within which to file dispositive motions was mailed to the plaintiff's last known address, at the Lee Correctional Institution in Bishopville, South Carolina. (Dkt. #15.) The envelope containing this order was returned to the court as undeliverable and with a notation that the plaintiff had been released on February 29, 2008. (Dkt. # 17.)

The record reveals that the plaintiff was advised by order dated February 5, 2008, of his responsibility to notify the court *in writing* if his address changed. (Dkt. #5.) The plaintiff's last correspondence with the Court was a removal notice filed February 28, 2008. Within this filing, the plaintiff indicated a change of address to: Attorney Charlie Johnson P.A., P.O. Box 11212, Columbia, South Carolina 29211 or 1332 Main St. Ste 84, Columbia, South Carolina 29201. There has been no appearance made by any attorney on behalf of the plaintiff. Nor has the plaintiff filed a change of address informing the court of his current address.

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir.1989). In considering whether to dismiss an action

pursuant to Rule 41(b), the court is required to consider four factors:

    (1) the degree of plaintiff's responsibility in failing to respond;

    (2) the amount of prejudice to the defendant;

    (3) the history of the plaintiff in proceeding in a dilatory manner; and,

    (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69 (4th Cir.1978). The Fourth Circuit has upheld dismissals of cases where pro se litigants have not kept a Clerk's Office and opposing counsel informed of a change of address. *See, e.g., Woltz v. Chater*, 74 F.3d 1235 (4th Cir. 1996). As the plaintiff has failed to properly inform the court of his address change, the plaintiff has field to comply with this court's order. Accordingly, it is recommended that this action be dismissed with prejudice for failure comply with this court's order and notify the court of any change of address.

                                                      s/Bruce Howe Hendricks
                                                      United States Magistrate Judge

May 28, 2008

Greenville, South Carolina