IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wade Stephney, Jr., ) | |
| ) | C/A No. 8:08-0411-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| John Ozmint, Michael Matthews, and ) | **O R D E R** |
| Sandra Knowlin, ) | |
| ) | |
| Defendants. ) | |
| ) | |

At the time of the underlying events, Plaintiff Wade Stephney, Jr. was an inmate in custody of the South Carolina Department of Corrections. Plaintiff was housed at Lee Correctional Institution in Bishopville, South Carolina. Plaintiff, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983, asserting that his constitutional rights had been violated.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On February 25, 2008, the Magistrate Judge issued an order authorizing service and directing Plaintiff to advise the Office of the Clerk of Court in writing of any address change. Plaintiff was cautioned that the failure to do so could result in dismissal of his case. Plaintiff further was informed that the Clerk of Court would not enter any change of address that directed mail to be sent to a person other than Plaintiff unless that person was an attorney admitted to practice before the court, and the attorney had entered an appearance on Plaintiff's behalf.

On February 29, 2008, Plaintiff filed a "Notice of Removal." In that filing, Plaintiff indicated that his mail should be sent to Attorney Charlie Johnson P.A., 1332 Main Street, South Carolina

29201. On May 19, 2008, The Magistrate Judge issued an order informing Plaintiff that his attempted change of address was ineffective because counsel had not made an appearance.

On May 19, 2008, the envelope containing Plaintiff's copy of a court text order was returned to the Office of the Clerk of Court, marked "Released 2/29/08 - Return to Sender - No Longer At This Address." On May 28, 2008, the Magistrate Judge issued a Report and Recommendation in which she recommended that the within action be dismissed pursuant to Fed. R. Civ. P. 41(b) because Plaintiff had failed to keep the Clerk of Court advised of his current address. On June 2, 2008, the envelope containing Plaintiff's copy of the May 19, 2008 order was returned to the Clerk's Office, marked "Released 2/29/08 - Return to Sender - Attempted Not Known - Unable to Forward." On June 6, 2008, the envelope containing Plaintiff's copy of the Report and Recommendation was returned to the Clerk's Office marked "Released 2/29/08 - No Longer at This Address."

On June 11, 2008, Plaintiff filed a letter requesting information as to the status of his case. The letter provided an address of 207 South Jackson Street, Kingstree, South Carolina 29556. A copy of the Report and Recommendation was sent to Plaintiff's new address on June 12, 2008. The envelope containing a copy of the Report and Recommendation has not been returned to the Office of the Clerk of Court. Therefore, it would appear that Plaintiff received a copy of the Report and Recommendation. Plaintiff has filed no response to the Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Plaintiff was advised by order filed February 25, 2008 of his responsibility to notify the court *in writing* if his address changed. Plaintiff was informed that his case could be dismissed for failing to comply with the court's order. Since the filing of the Report and Recommendation, Plaintiff has provided the court with a proper address. Therefore, the court declines to adopt the Report and Recommendation.

However, bcause Plaintiff filed no objection to the Report and Recommendation, it is not clear whether Plaintiff wishes to pursue this action. **ACCORDINGLY, THE COURT DIRECTS PLAINTIFF TO INFORM THE COURT NO LATER THAN JULY 31, 2008, WHETHER HE WISHES TO PURSUE THIS ACTION. SHOULD PLAINTIFF FAIL TO RESPOND, THE CASE WILL DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B) FOR FAILURE TO PROSECUTE AND/OR FOR FAILURE TO COMPLY WITH THE COURT'S ORDER.**

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 17, 2008